## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| GEORGE WRIGHT, | ) | | |
| | ) | | FILED: AUGUST 6, 2008 |
| Plaintiff, | ) | | 08CV4423 |
| | ) | | JUDGE GUZMAN |
| v. | ) | Case No. | MAGISTRATE JUDGE COX |
| | ) | | |
| WASHINTON MUTUAL, AND | ) | | |
| WASHINGTON MUTUAL HOME | ) | | JFB |
| LOANS, INC. | ) | | |
| | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

NOW COMES Plaintiff, GEORGE WRIGHT ("Plaintiff"), by and through his attorneys, Nicholas F. Esposito, Bradley K. Staubus, John Calabrese, Ryan Stephan and James Zouras, and for his complaint against Defendant, WASHINGTON MUTUAL, and WASHINGTON MUTUAL HOME LOANS, INC. (hereafter jointly "Defendant WaMu"), alleges the following:

### COUNT I
### Sexual Discrimination

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*) and 28 U.S.C. § 1331 because this action arises under the laws of the United States, §1343(4) because this action arises from an Act of Congress for the protection of civil rights, and §1367 for supplemental jurisdiction arising out of pendent state claims with a common nucleus of operative facts. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment and, under the laws of the State of Illinois, for breach of contract and misrepresentation. The jurisdiction of this Court is invoked to secure protection of and redress

deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment as well as pendant state claims.

2.     Venue in this district is proper under 42 U.S.C. § 2000e-5(f) (3) and 28 U.S.C. § 1391(b) and (c) because Plaintiff is an adult male individual and citizen of the State of Illinois, and who currently resides within this judicial district, and the unlawful employment practices occurred in this district.

3.     Defendant Washington Mutual is, and at all times relevant hereto was, a Delaware Corporation with its principal place of business in Seattle, Washington, authorized to do business in the State of Illinois, and conducting business within this judicial district and division; Defendant Washington Mutual Home Loans, Inc. is an Ohio Corporation with its principal place of business in Vernon Hills, Illinois, authorized to do business in the State of Illinois and conducting business within this judicial district and division ("the workplace").

4.     At all times relevant hereto, Defendant WaMu is and was engaged in providing banking and mortgage services with more than twenty (20) full-time employees.

5.     At all times relevant hereto, Wright worked for Defendant WaMu as Director of Emerging Markets for Product and Sales and held the title of First Vice President.

6.     On August 29, 2007 Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, age discrimination, sexual discrimination and retaliation.

7.     On May 12, 2008 the EEOC mailed its right to sue letter to Plaintiff, and Plaintiff received it sometime thereafter.  Plaintiff timely filed suit within the requisite ninety (90) days of receipt of the right to sue letter.

8.     Plaintiff has exhausted his federal administrative remedies and, under U.S.C. §2000e-5(f), has standing to file this civil action against Defendant WaMu.

9.     Around March 2007, Defendant WaMu caused a less experienced younger, white female to assume Plaintiff's responsibilities and shortly thereafter terminated his employment.

10.     Defendant WaMu discriminated against Plaintiff based upon his sex, male, in that his employment was terminated on May 31, 2007, on the pretense of budgetary reasons.

11.     Defendant WaMu failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate sexual discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

12.     As a direct and proximate result of Defendant WaMu's discrimination against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

13.     The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

14.     Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in his favor and against Defendant WaMu, and that the court award him direct and consequential damages, statutory punitive damages, statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, punitive damages pursuant to 42 U.S.C. § 1981a (b) (1), and costs in this action including

3

reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

## COUNT II
### Age Discrimination

15-28. Plaintiff repeats and realleges paragraphs 1 through 11 as paragraphs 16 through 28 herein.

29.    Defendant WaMu discriminated against Plaintiff based upon his age, 52, in that his employment was terminated on May 31, 2007, ostensibly because of budgetary reasons.

30.    Defendant WaMu failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

31.    As a direct and proximate result of Defendant WaMu's discrimination against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

32.    The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

33.    Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in his favor and against Defendant WaMu, and that the court award him direct and consequential damages, statutory punitive damages, statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay,

punitive damages pursuant to 42 U.S.C. § 1981a (b) (1), and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

## COUNT III
### Race Discrimination

34-44. Plaintiff repeats and realleges paragraphs 16 through 28 as paragraphs 33 through 44 herein.

45.    Defendant WaMu discriminated against Plaintiff based upon his race, black, in that his employment was terminated on May 31, 2007, ostensibly because of budgetary reasons.

46.    Defendant WaMu failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

47.    As a direct and proximate result of Defendant WaMu's discrimination against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

48.    The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

49.    Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in his favor and against Defendant WaMu, and that the court award him direct and consequential damages, statutory punitive damages,

statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, punitive damages pursuant to 42 U.S.C. § 1981a (b) (1), and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

**COUNT IV**
**Retaliation Discrimination**

50-60. Plaintiff repeats and realleges paragraphs 33 through 44 as paragraphs 50 through 60 herein.

61.    Defendant WaMu engaged in retaliatory discrimination in that after Plaintiff sought information and raised questions about possible WaMu discriminatory lending practices toward minorities, his employment was terminated on May 31, 2007, ostensibly because of budgetary reasons.

62.    As a direct and proximate result of Defendant WaMu's retaliatory discrimination against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.    Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

63.    The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

64    Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in his favor and against Defendant WaMu, and that the court award him direct and consequential damages, statutory punitive damages,

statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, punitive damages pursuant to 42 U.S.C. § 1981a (b) (1), and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

<u>COUNT V</u>
**Separate State Claim for Breach of Employment Contract**

65.    On November 22, 2005, Plaintiff and Defendant WaMu entered into an employment agreement whereby Plaintiff was employed as Director of Emerging Markets for Product and Sales and held the title of First Vice President.

66.    Plaintiff's employment was terminated effective May 21, 2007.

67.    Plaintiff demanded full payment of all wages, bonuses and other benefits to which he is entitled which Defendant WaMu has failed and refused to pay.

68.    Plaintiff has performed all obligations required of him under his employment agreement

69.    Plaintiff is damaged in an amount in excess of $75,000 from all sums owed to him under his employment agreement.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant WaMu in an amount in excess of $75,000 from all sums owed to him under his employment agreement, together with interest and costs, and any other relief as the Court may find appropriate.

JURY TRIAL IS DEMANDED FOR ALL COUNTS.

Respectfully submitted,
Plaintiff,
By: /s/ Nicholas F. Esposito
One of his Attorneys

Nicholas F. Esposito
Bradley K. Staubus
John Calabrese
ESPOSITO & STAUBUS
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-2766

Ryan F. Stephan
James Zouras
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
312 233 1550