# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON MUTUAL HOME LOANS, INC., WASHINGTON MUTUAL BANK and JP MORGAN CHASE BANK NA, | ) ) ) ) | 08 C 4423  Judge Ronald A. Guzmán |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

George Wright has sued Washington Mutual Home Loans, Inc., Washington Mutual Bank, and JP Morgan Chase Bank NA. ("Chase") for: (1) sex and race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and (3) breach of contract. Chase has moved to compel arbitration and stay the case pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the Illinois Uniform Arbitration Act, 710 Ill. Comp. Stat. 5/2. Wright has moved to strike Chase's motion. For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion to compel arbitration and stay the case and denies the motion to strike.

## Facts

Plaintiff is an Illinois citizen. (Am. Compl. ¶ 2.) Defendant Washington Mutual Home Loans was an Ohio corporation with its principal place of business in Vernon Hill, Illinois. (*Id.* ¶ 3.) Defendant Washington Mutual Bank was a Delaware corporation with its principal place of

business in Seattle, Washington, and it provided banking and mortgage services in Illinois. (*Id*. ¶ 4.) Washington Mutual Home Loans became part of Washington Mutual Bank. (Pl.'s Mot. Strike ¶ 4.) Defendant Chase is a Delaware corporation and provides banking and mortgage services in Illinois. (Am. Compl. ¶¶ 5-6.)

In December 2005, Washington Mutual Bank hired Wright as an Area Relationship Manager for Emerging Markets at its Downers Grove, Illinois location. (Def.'s Mem. Supp. Mot. Stay & Compel Arbitration, Ex. 1, Hale Aff. ¶ 2.) At the outset of his employment, Wright signed an Arbitration Agreement with Washington Mutual Bank. (*Id*. ¶ 3.)

On June 30, 2007, Washington Mutual Bank terminated Wright's employment. (*Id*. ¶ 5.) In response, Wright filed charges against Washington Mutual Bank with the Equal Employment Opportunity Commission and alleged race discrimination, age discrimination, sex discrimination and retaliation. (Am. Compl. ¶ 8.)

On September 25, 2008, the Office of Thrift Supervision seized Washington Mutual Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. (Def.'s Resp. Pl.'s Mot. 2.) Chase subsequently acquired certain assets and liabilities of Washington Mutual Bank, including the present litigation, from the FDIC. (Def.'s Mem. Supp. Mot. Stay & Compel Arbitration, Ex. 1, Hale Aff. ¶ 9.) Chase is a successor in interest to Washington Mutual Bank. (Pl.'s Mot. Strike ¶ 4.)

## Discussion

Chase has moved to compel Wright to arbitrate his claims and to stay the case pending the outcome of arbitration pursuant to the Federal Arbitration Act ("FAA") and the Illinois Uniform Arbitration Act. The application of the FAA to the present case is appropriate because

2

the Supreme Court of the United States has held that the FAA applies to employment contracts such as this one. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001).

Congress enacted the FAA to overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1265 (2009). Therefore, in applying the FAA, the federal policy is to promote rapid and unobstructed enforcement of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983). In order to compel parties to arbitrate their claims, a Court must determine whether: (1) there is an enforceable agreement to arbitrate; (2) the claim falls within the scope of the agreement; and (3) there has not been a waiver of the agreement. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-34 (1991).

First, there is an enforceable agreement to arbitrate. The Arbitration Agreement in the present case is one entered into as a condition of Wright's employment, and such a mutual promise to arbitrate disputes provides consideration for the contract. *See Johnson v. Travelers Prop. Cas.*, 56 F. Supp. 2d 1025, 1026-27 (N.D. Ill. 1999). Wright does not dispute that as between him and Washington Mutual, there is an enforceable agreement to arbitrate.

However, Wright argues that the Arbitration Agreement is not enforceable by Chase because it was not a signatory to the agreement. This argument is a nonstarter.

The Arbitration Agreement provides, in relevant part: "The [Arbitration] Agreement shall remain in full force and effect at all times during and after my employment with Washington Mutual, or any successor in interest to Washington Mutual." (Def.'s Mem. Supp. Mot. Stay & Compel Arbitration, Ex. A, Arbitration Agreement.) Thus, the Arbitration Agreement allows a successor in interest to Washington Mutual Bank to enforce the Arbitration Agreement, even though the successor in interest might not have been an original party to the

3

Arbitration Agreement. Wright concedes that Chase is the successor in interest to Washington Mutual Bank. (Pl.'s Mot. Strike ¶ 4.) Therefore, under the terms of the Arbitration Agreement, as successor in interest to Washington Mutual Bank, Chase may compel Wright to arbitrate any claims that fall within the scope of the agreement.

Second, regarding the scope of agreement, the Arbitration Agreement provides in relevant part: "Any and all disputes that involve or relate in any way to my employment (or termination of employment) with Washington Mutual shall be submitted to and resolved by final and binding arbitration." (Def.'s Mem. Supp. Mot. Stay & Compel Arbitration, Ex. A, Arbitration Agreement.) Wright has sued defendants for employment discrimination, retaliation and breach of the employment contract and each of his claims is based on the termination of Wright's employment. Because Wright's causes of action concern his employment and the termination of his employment, his claims fall squarely within the scope of the Arbitration Agreement.

Third, neither party has waived the right to arbitrate. The Court may infer waiver from party's actions that are inconsistent with the right to arbitrate. *Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 742 F. Supp. 1359, 1366 (N.D. Ill. 1990). After Wright filed the suit, Chase timely filed a motion to stay the case and compel arbitration. The filing of the motion is indicative of Chase's intention to protect, not waive, its right to arbitrate.

Wright argues, however, that the ambiguous language in the Arbitration Agreement allows this Court to rule on the merits of the case. (Pl.'s Mot. Strike ¶ 9.) Specifically, Wright alludes to the following passage: "[E]ither party may request a court to issue such temporary or interim relief (including temporary restraining orders and preliminary injunctions) as may be appropriate, either before or after arbitration is commenced." (Def.'s Mem. Supp. Mot. Stay &

4

Compel Arbitration, Ex. A to Ex. 1, Washington Mutual Binding Arbitration Agreement.) Wright opines that "such temporary or interim relief" is ambiguous language that suggests that this Court is not divested of authority to give a final ruling on this case. (Pl.'s Mot. Strike ¶ 9.)

However, Wright neglects to cite the rest of the paragraph: "The temporary or interim relief may remain in effect pending the outcome of arbitration. No such request shall be a waiver of the right to submit any dispute to arbitration." (Def.'s Mem. Supp. Mot. Stay & Compel Arbitration, Ex. A to Ex. 1, Washington Mutual Binding Arbitration Agreement.) Reading the two parts of the paragraph as a whole, the language from the Arbitration Agreement is not ambiguous. The phrase "temporary or interim" relief clearly does not include any final court ruling on the merits of the case. The plain language of the Arbitration Agreement does not grant the Court the authority to determine the final merits of the case; rather, its purpose is to allow either party to seek temporary or injunctive relief, such as Chase's motion to stay and compel arbitration, without waiving the right to arbitration.

In sum, the parties have entered into an enforceable arbitration agreement, Wright's claims are within the scope of the Arbitration Agreement, and neither party has waived its right to arbitration. Therefore, the Court enforces the Arbitration Agreement. Accordingly, this Court grants Chase's motion to stay and compel arbitration and denies Wright's motion to strike.

**Conclusion**

For the reasons set forth above, the Court grants Chase's motion to compel arbitration and to stay the case [doc. no. 19]. The Court denies Wright's motion to strike [doc. no. 30]. This case is hereby placed on the Court's suspended calendar pending completion of arbitration proceedings. The parties are directed to notify the Court when the arbitration proceedings have concluded.

**SO ORDERED**

**8/20/09**

**ENTERED:**

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**